**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**Indianapolis Division**

| | | |
|---|---|---|
| SHAWN and JENNIFER ESTEP, | ) | |
|     *Plaintiffs*, | ) | |
| | ) | |
|     v. | ) | **Case No.** 1:20-cv-1612-JRS-DML |
| | ) | |
| SHELLPOINT MORTGAGE SERVICING, | ) | |
| ONEWEST BANK, FSB., MILL CITY | ) | |
| MORTGAGE LOAN TRUST 2019-1, | ) | |
| WILMINGTON SAVINGS FUND SOC., FSB, | ) as | |
| Trustee, EQUIFAX INFORMATION | ) | |
| SERVICES, LLC. and TRANS UNION, LLC. | ) | |
|     *Defendants*. | ) | |

**CASE MANAGEMENT PLAN**

**I.**    <u>**Parties and Representatives**</u>

      A.      Plaintiffs:    **Shawn and Jennifer Estep**

                 Defendants:   **NewRez LLC d/b/a Shellpoint Mortgage Servicing ("Shellpoint")**
                                  **One West Bank, FSB**
                                  **Mill City Mortgage Loan Trust 2019-1, Wilmington Savings Fund Soc., FSB, as Trustee ("WSFS")**
                                  **Equifax Information Services, LLC**
                                    **Trans Union, LLC**

      B.                    Travis W. Cohron
                                  Quentin J. Collins
                                  **CLARK QUINN MOSES SCOTT & GRAHN, LLP**
                                  tcohron@clarkquinnlaw.com
                                  qcollins@clarkquinnlaw.com
                                  *Counsel for Plaintiff*

                                  J. Robert Weyreter
                                  **SCHUCKIT & ASSOCIATES, P.C.**
                                  jweyreter@schuckitlaw.com
                                  *Attorney for Trans Union, LLC*

                                  N. Charles Campbell
                                  **EQUIFAX LEGAL DEPARTMENT**
                                  charles.campbell@equifax.com

*Counsel for Equifax Information Services, LLC*

Jacob V. Bradley
**QUARLES & BRADY LLP**
jacob.bradley@quarles.com
*Attorney for Defendant CIT Bank, N.A., f/k/a*
*OneWest Bank, N.A., f/k/a OneWest Bank, FSB*

Nathan H. Blaske
**DINSMORE & SHOHL, LLP**
nathan.blaske@dinsmore.com
*Attorney for Defendants NewRez LLC d/b/a*
*Shellpoint Mortgage Servicing and*
*Mill City Mortgage Loan Trust 2018-1,*
*Wilmington Savings Fund Society, FSB, as Trustee*

Counsel shall promptly file a notice with the Clerk if there is any change in this information.

II.   **Jurisdiction and Statement of Claims**

A.  Plaintiff filed this case asserting claims under the Real Estate Settlement Procedures Act, 12 U.S.C. §2605, the Truth in Lending Act, 15 U.S.C. § 1639, and the Fair Debt Collection Practices Act, 15 U.S.C. § 1692. The basis of subject matter jurisdiction is federal question.

B.  **Plaintiff's Position:** This action is based on the Defendants' various mortgage servicing related errors and failure to follow reasonable procedures to correct and/or cease committing said errors upon receipt of statutorily defined notice to do so. In turn, these errors and failure to correct errors caused actual damage to the Plaintiff.

C.  **Shellpoint and WSFS's Position:**  Shellpoint and WSFS submit that Plaintiffs' contract and promissory estoppel claims are barred or subject to a stay by the *Colorado River* doctrine because of the foreclosure action currently pending in the Delaware County Circuit Court under Cause No. 18C05-1910-MF-000178.  Further, Plaintiffs' FDCPA claim fails because Plaintiffs did not make the required monthly payments on the mortgage loan following the completion of their Ch. 13 bankruptcy. Plaintiffs' RESPA claims are barred, at least in part, because the purported notices of error and requests for information were duplicative and overbroad, limiting liability under 12 C.F.R. §1024.35 and §1024.36.  Moreover, there was no violation of the discharge injunction in bankruptcy because any late charges and property inspection fees were incurred post-petition and were properly assessed.  Finally, Shellpoint submits that it maintained reasonable procedures to assure maximum possible accuracy of the information concerning Plaintiffs, and it otherwise complied with the applicable requirements of the FCRA with respect to Plaintiffs.

*Revision Date:  September 7, 2018*

**One West Bank, FSB's Position:** Dismissed at Dkt. 25.

**Equifax Information Services, LLC's Position:** Equifax is a consumer reporting agency as that term is defined in the FCRA. Equifax states that it complied with the FCRA in its handling of Plaintiffs' credit files. Equifax further states that, to date, its investigation has not shown any record of disputes from Plaintiffs related to their mortgage. Equifax denies any allegation it caused Plaintiffs to suffer damages.

**Trans Union, LLC's Position:** Defendant Trans Union is a consumer reporting agency as that term is defined by the FCRA and states that at all times relevant, Trans Union maintained reasonable procedures to assure maximum possible accuracy of the relevant information concerning Plaintiff and Trans Union complied with the requirements of the FCRA with respect to Plaintiff.  Trans Union furthermore properly initiated and conducted any required reinvestigation(s) pursuant to the FCRA.  As such, any damages Plaintiff may have sustained were not caused by Trans Union.

III.   **Pretrial Pleadings and Disclosures**

    A.    The parties shall serve their Fed. R. Civ. P. 26 initial disclosures on or before **October 12, 2020**.

    B.    Plaintiff(s) shall file preliminary witness and exhibit lists on or before **October 19, 2020**.

    C.    Defendant(s) shall file preliminary witness and exhibit lists on or before **October 26, 2020**.

    D.    All motions for leave to amend the pleadings and/or to join additional parties shall be filed on or before **November 11, 2020**.

*Sec. III E. The parties shall submit (not file) courtesy copies of their respective demand and response at the time of service via email to judgelynchchambers@insd.uscourts.gov. There is no need to follow the email with a hard copy.*

    E.    Plaintiff(s) shall serve Defendant(s) (but not file with the Court) a statement of special damages, if any, and make a settlement proposal, on or before **November 11, 2020**. Defendant(s) shall serve on the Plaintiff(s) (but not file with the Court) a response thereto within 30 days after receipt of the proposal.

    F.    Except where governed by paragraph (G) below, expert witness disclosure deadlines shall conform to the following schedule: Plaintiff(s) shall disclose the name, address, and vita of any expert witness, and shall serve the report required by Fed. R. Civ. P. 26(a)(2) on or before **June 11, 2021**.  Defendant(s) shall disclose the name, address, and vita of any expert witness, and shall serve the report required by Fed. R. Civ. P. 26(a)(2) on or before **July 12, 2021**; or if

*Revision Date:  September 7, 2018*

Plaintiff has disclosed no experts, Defendant(s) shall make its expert disclosure on or before **July 12, 2021.**

G.     Notwithstanding the provisions of paragraph (F), above, if a party intends to use expert testimony in connection with a motion for summary judgment to be filed by that party, such expert disclosures must be served on opposing counsel no later than **90 days prior to the dispositive motion deadline**.  If such expert disclosures are served the **parties shall confer within 7 days**, to stipulate to a date for responsive disclosures (if any) and completion of expert discovery necessary for efficient resolution of the anticipated motion for summary judgment.  The parties shall make good faith efforts to avoid requesting enlargements of the dispositive motions deadline and related briefing deadlines.  Any proposed modifications of the CMP deadlines or briefing schedule must be approved by the Court.

H.     Any party who wishes to limit or preclude expert testimony at trial shall file any such objections **no later than 120 days prior to the proposed trial month**.  Any party who wishes to preclude expert witness testimony at the summary judgment stage shall file any such objections with their responsive brief within the briefing schedule established by S.D. Ind. L.R. 56-1.

I.     All parties shall file and serve their final witness and exhibit lists on or before **August 11, 2021**.  This list should reflect the specific potential witnesses the party may call at trial.  It is not sufficient for a party to simply incorporate by reference "any witness listed in discovery" or such general statements.  The list of final witnesses shall include a brief synopsis of the expected testimony.

J.     Any party who believes that bifurcation of discovery and/or trial is appropriate with respect to any issue or claim shall notify the Court as soon as practicable.

K.     Discovery of electronically stored information ("ESI").  If either party is seeking the production of a substantial volume of ESI, then complete the ESI Supplement to the Report of the Parties' Planning Meeting (also available in MS Word on the court's website at http://www.insd.uscourts.gov/case-management-plans).

If the parties believe that a substantial volume of ESI will not be produced in the case, the parties should include herein a brief description of the information anticipated to be sought in discovery in the case and include (1) the parties' agreement regarding the format in which ESI will be produced (including whether the production will include metadata), (2) a description of any other issues the parties believe may be relevant to discovery in the case, and (3) either the following claw back provision or the language of any alternative provision being proposed:

In the event that a document protected by the attorney-client privilege, the attorney work product doctrine or other applicable

4

privilege or protection is unintentionally produced by any party to this proceeding, the producing party may request that the document be returned. In the event that such a request is made, all parties to the litigation and their counsel shall promptly return all copies of the document in their possession, custody, or control to the producing party and shall not retain or make any copies of the document or any documents derived from such document. The producing party shall promptly identify the returned document on a privilege log. The unintentional disclosure of a privileged or otherwise protected document shall not constitute a waiver of the privilege or protection with respect to that document or any other documents involving the same or similar subject matter.

The parties do not anticipate a substantial amount of ESI. However, the parties agree to produce any relevant and discoverable ESI in PDF format or a similar format to the extent possible.

## IV.    Discovery[1] and Dispositive Motions

Due to the time and expense involved in conducting expert witness depositions and other discovery, as well as preparing and resolving dispositive motions, the Court requires counsel to use the CMP as an opportunity to seriously explore whether this case is appropriate for such motions (specifically including motions for summary judgment), whether expert witnesses will be needed, and how long discovery should continue. To this end, counsel must select the track set forth below that they believe best suits this case. If the parties are unable to agree on a track, the parties must: (1) state this fact in the CMP where indicated below; (2) indicate which track each counsel believes is most appropriate; and (3) provide a brief statement supporting the reasons for the track each counsel believes is most appropriate. If the parties are unable to agree on a track, the Court will pick the track it finds most appropriate, based upon the contents of the CMP or, if necessary, after receiving additional input at an initial pretrial conference.

A.    Does any party believe that this case may be appropriate for summary judgment or other dispositive motion?

---

[1] The term "completed," as used in Section IV.C, means that counsel must serve their discovery requests in sufficient time to receive responses before this deadline. Counsel may not serve discovery requests within the 30-day period before this deadline unless they seek leave of Court to serve a belated request and show good cause for the same. In such event, the proposed belated discovery request shall be filed with the motion, and the opposing party will receive it with service of the motion but need not respond to the same until such time as the Court grants the motion.

5

Equifax, Trans Union Shellpoint, and WSFS state that if the parties are unable to resolve the case through settlement, they anticipate filing motions for summary judgment.

B.   **No later than 7 days after the non-expert discovery deadline**, and consistent with the certification provisions of Fed. R. Civ. P. 11(b), the party with the burden of proof shall file a statement of the claims or defenses it intends to prove at trial, stating specifically the legal theories upon which the claims or defenses are based.

C.   Select the track that best suits this case:

**XX** Track 2: Dispositive motions are expected and shall be filed by no later than **May 11, 2021**.; non-expert witness discovery and discovery relating to liability issues shall be completed **April 12, 2021**; expert witness discovery and discovery relating to damages shall be completed **September 13, 2021**. All remaining discovery shall be completed by no later than **October 11, 2021**.

Absent leave of Court, and for good cause shown, all issues raised on summary judgment under Fed. R. Civ. P. 56 must be raised by a party in a single motion.

## V.   Pre-Trial/Settlement Conferences

At any time, any party may call the Judge's Staff to request a conference, or the Court may *sua sponte* schedule a conference at any time.  The presumptive time for a settlement conference is no later than 30 days before the close of non-expert discovery.   **The parties are encouraged to request an earlier date if they believe the assistance of the Magistrate Judge would be helpful in achieving settlement.  The parties recommend a settlement conference in March 2021.**

## VI.   Trial Date

The parties request a trial date in **November 2021**.  The trial is by **jury** and is anticipated to take **two days**.  Counsel should indicate here the reasons that a shorter or longer track is appropriate.  While all dates herein must be initially scheduled to match the presumptive trial date, if the Court agrees that a different track is appropriate, the case management order approving the CMP plan will indicate the number of months by which all or certain deadlines will be extended to match the track approved by the Court.

## VII.   Referral to Magistrate Judge

A.   **Case**.  At this time, all parties **do not** consent to refer this matter to the currently assigned Magistrate Judge pursuant to 28 U.S.C. 636(c) and Fed. R. Civ. P. 73 for all further proceedings including trial.

B.   **Motions**.  The parties may also consent to having the assigned Magistrate Judge rule on motions ordinarily handled by the District Judge, such as motions to

*Revision Date:  September 7, 2018*

dismiss, for summary judgment, or for remand.  If all parties consent, they should file a joint stipulation to that effect. Partial consents are subject to the approval of the presiding district judge.

## VIII.  **Required Pre-Trial Preparation**

A.  **TWO WEEKS BEFORE THE FINAL PRETRIAL CONFERENCE, the parties shall:**

1.  File a list of trial witnesses, by name, who are actually expected to be called to testify at trial.  This list may not include any witnesses not on a party's final witness list filed pursuant to Section III.I.

2.  Number in sequential order all exhibits, including graphs, charts and the like, that will be used during the trial.  Provide the Court with a list of these exhibits, including a description of each exhibit and the identifying designation.  Make the original exhibits available for inspection by opposing counsel.  Stipulations as to the authenticity and admissibility of exhibits are encouraged to the greatest extent possible.

3.  Submit all stipulations of facts in writing to the Court.  Stipulations are always encouraged so that at trial, counsel can concentrate on relevant contested facts.

4.  A party who intends to offer any depositions into evidence during the party's case in chief shall prepare and file with the Court and copy to all opposing parties either:

    a.  brief written summaries of the relevant facts in the depositions that will be offered.  (Because such a summary will be used in lieu of the actual deposition testimony to eliminate time reading depositions in a question and answer format, this is strongly encouraged.); or

    b.  if a summary is inappropriate, a document which lists the portions of the deposition(s), including the specific page and line numbers, that will be read, or, in the event of a video-taped deposition, the portions of the deposition that will be played, designated specifically by counter-numbers.

5.  Provide all other parties and the Court with any trial briefs and motions in limine, along with all proposed jury instructions, voir dire questions, and areas of inquiry for voir dire (or, if the trial is to the Court, with proposed findings of fact and conclusions of law).

7

6.     Notify the Court and opposing counsel of the anticipated use of any evidence presentation equipment.

B.     **ONE WEEK BEFORE THE FINAL PRETRIAL CONFERENCE, the parties shall:**

1.     Notify opposing counsel in writing of any objections to the proposed exhibits.  If the parties desire a ruling on the objection prior to trial, a motion should be filed noting the objection and a description and designation of the exhibit, the basis of the objection, and the legal authorities supporting the objection.

2.     If a party has an objection to the deposition summary or to a designated portion of a deposition that will be offered at trial, or if a party intends to offer additional portions at trial in response to the opponent's designation, and the parties desire a ruling on the objection prior to trial, the party shall submit the objections and counter summaries or designations to the Court in writing.  Any objections shall be made in the same manner as for proposed exhibits.  However, in the case of objections to video-taped depositions, the objections shall be brought to the Court's immediate attention to allow adequate time for editing of the deposition prior to trial.

3.     File objections to any motions in limine, proposed instructions, and voir dire questions submitted by the opposing parties.

4.     Notify the Court and opposing counsel of requests for separation of witnesses at trial.

IX.     **Other Matters**

None.

Respectfully submitted, this 11th day of August, 2020.

By: */s/Travis W. Cohron*
Travis W. Cohron, No. 29562-30
Quentin J. Collins, No. 35870-29
CLARK, QUINN, MOSES, SCOTT & GRAHN, LLP
tcohron@clarkquinnlaw.com
qcollins@clarkquinnlaw.com
*Counsel for Plaintiff*

By: */s/ J. Robert Weyreter (with consent)*
J. Robert Weyreter

8

*Revision Date:  September 7, 2018*

**SCHUCKIT & ASSOCIATES, P.C.**
jweyreter@schuckitlaw.com
*Attorney for Trans Union, LLC*


By: */s/ Nathan H. Blaske (with consent)*
Nathan H. Blaske
**DINSMORE & SHOHL, LLP**
nathan.blaske@dinsmore.com
*Attorney for Defendants NewRez LLC d/b/a*
*Shellpoint Mortgage Servicing  and*
*Mill City Mortgage Loan Trust 2018-1,*
*Wilmington Savings Fund Society, FSB, as Trustee*


By: */s/ N. Charles Campbell (with consent)*
N. Charles Campbell
**EQUIFAX LEGAL DEPARTMENT**
charles.campbell@equifax.com
*Counsel for Equifax Information Services, LLC*

*Revision Date:  September 7, 2018*

_____x_____        PARTIES APPEARED BY COUNSEL ON **August 18, 2020**,

                      FOR AN INITIAL PRETRIAL CONFERENCE.

_____         APPROVED AS SUBMITTED.

_____x_____         APPROVED AS AMENDED.

_____         APPROVED AS AMENDED PER SEPARATE ORDER.

_____         APPROVED, BUT ALL OF THE FOREGOING DEADLINES ARE
                      SHORTENED/LENGTHENED BY                MONTHS.

_____         APPROVED, BUT THE DEADLINES SET IN SECTION(S)
                      _____ OF THE PLAN IS/ARE
                      SHORTENED/LENGTHENED BY                MONTHS.

_____         THIS MATTER IS SET FOR TRIAL BY _____ ON
                      _____ . FINAL PRETRIAL
                      CONFERENCE IS SCHEDULED FOR
                      _____AT _____ .M.,
                      ROOM                  .

_____         A SETTLEMENT/STATUS CONFERENCE IS SET IN THIS CASE
                      FOR_____ AT _____ .M. COUNSEL SHALL
                      APPEAR:

                      _____ IN PERSON IN ROOM_____ ; OR

                      _____BY TELEPHONE, WITH COUNSEL FOR
                      INITIATING THE CALL TO ALL OTHER PARTIES AND ADDING
                      THE COURT JUDGE AT ( ____ ) _____ ; OR

                      _____BY TELEPHONE, WITH COUNSEL CALLING THE

                      JUDGE'S STAFF AT ( ____ ) _____ .

_____x_____         DISPOSITIVE MOTIONS SHALL BE FILED BY **May 11, 2021.**

_____x_____         NON-EXPERT WITNESS AND LIABILITY DISCOVERY SHALL
                      BE COMPLETED BY **April 12, 2021.**

Upon approval, this Plan constitutes an Order of the Court.  Failure to comply with an Order of the Court may result in sanctions for contempt, or as provided under Fed. R. Civ. P. 16-1(f), to and including dismissal or default.

**APPROVED AND SO ORDERED.**

Date: 8/18/2020

Debra McVicker Lynch
United States Magistrate Judge
Southern District of Indiana

11

*Revision Date:  September 7, 2018*